{¶ 16} I generally concur in the majority's analysis of appellant's assignment of error. I write separately only to clarify my position as to the on-scene identification of appellant by Mr. Sturtz immediately following appellant's arrest.
 {¶ 17} In addition to suppressing ". . . . any evidence seized during the illegal entry of appellant's residence and subsequent arrest,"[2] I would also suppress Mr. Sturtz's on-scene identification of appellant as being a fruit of the poisonous tree. The admissibility of any subsequent in-court identification by Mr. Sturtz is not dependent upon the inevitable discovery doctrine.[3] Rather, the subsequent in-court identification is admissible as long as it is independent and otherwise reliable. See State v. Barker (1978), 53 Ohio St.2d 135 andState v. Lathan (1972), 30 Ohio St.2d 92. Factors to be considered in determining whether the subsequent in-court identification is reliable are set forth in State v. Moody (1978), 55 Ohio St.2d 64, 67 citing Neilv. Biggers (1972), 49 U.S. 188, 199.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee State of Ohio.
[2] Majority Opinion at 8.
[3] The fact the trial court did not reach the inevitable discovery issue raised by the majority does not preclude this Court from independently determining whether the facts meet the legal standard necessary to invoke the doctrine.